MEMORANDUM **
Dalvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision dismissing his appeal from an Immigration Judge’s (“IJ”) denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture (“CAT”).
This court lacks jurisdiction to review the IJ’s and BIA’s purely factual determination that Singh failed to timely file his asylum application. See 8 C.F.R. § 208.4(a)(5).
We have jurisdiction over Singh’s remaining claims under 8 U.S.C. § 1252. We review for substantial evidence the IJ’s and BIA’s denial of Singh’s claims on the basis of an adverse credibility finding. Malhi v. INS, 336 F.3d 989, 992 (9th Cir.2003).
Substantial evidence supports the IJ’s and BIA’s denial of Singh’s withholding of removal claim. Singh’s testimony was inconsistent with a report from the Department of Homeland Security regarding his date of entry into the United States, which bears directly on his eligibility for asylum. See Pal v. INS, 204 F.3d 935, 940 (9th Cir.2000). Singh lacked basic knowledge of Sikhism, the religion which allegedly motivated the persecution he claims to have suffered. See Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir.2004). In the absence of credible testimony, Singh also failed to provide sufficient corroborating evidence to support his claim. See Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000). Accordingly, we deny his withholding of removal claim.
Singh’s CAT claim also fails because it is based on the same testimony that the IJ and BIA found not credible, and Singh points to no other evidence that he could claim the IJ and BIA should have considered. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.